J-S68004-17

2018 PA Super 90

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :     PENNSYLVANIA
  :
          v.   :
  :
  :
  :
MICHAEL A. MOCK   :
  :
       Appellant   :   No. 801 MDA 2017

Appeal from the Judgment of Sentence May 1, 2017
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s):  CP-44-CR-0000506-2016

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

OPINION BY LAZARUS, J.:                         **FILED APRIL 19, 2018**

Michael A. Mock appeals from his judgment of sentence, entered in the Court of Common Pleas of Mifflin County, after he was convicted, in a nonjury trial, of one count of driving under the influence of alcohol (DUI) – highest rate, as a second offense.[1]  Upon careful review, we affirm.

Mock was arrested on July 10, 2016, after Corporal Arthur Stanton of the Mifflin County Regional Police pulled him over for repeatedly crossing the fog line and double yellow lines of State Road 522.  A criminal information was filed on October 12, 2016, charging Mock with DUI – general impairment (Count 1) and driving an unregistered vehicle (Count 3), in addition to the above charge of DUI – highest rate, as a second offense (Count 2).

On October 25, 2016, Mock filed a motion to quash the information, asserting that his prior DUI offense, which occurred on June 3, 2006, and for

_____

[1] 75 Pa.C.S.A. § 3802(c); 75 Pa.C.S.A. § 3806.

_____

*   Retired Senior Judge assigned to the Superior Court.

which he was convicted on March 27, 2007, did not fall within the ten-year look-back period set forth in section 3806(b) of the Motor Vehicle Code and, as such, he was improperly charged as a second-time offender. The trial court denied the motion and Mock proceeded to a stipulated nonjury trial, at which time the Commonwealth *nolle prossed* Counts 1 and 3 and the court entered a verdict of guilty as to Count 2. The court sentenced Mock to a term of 90 days' to 5 years' imprisonment, plus fines, costs and related penalties. 75 Pa.C.S.A. § 3804(c)(2).

This timely appeal follows, in which Mock asserts that both the motion court and the trial court erred as a matter of law

> by applying [section 3806(a)] to [section 3806(b),] thus calculating [Mock's] current DUI as a second in ten M1 for grading and sentencing purposes instead of only using section 3806(b). Specifically[,] the [c]ourt erred by calculating the grading and possible penalties under section 3806(a) even though they are specifically carved out to be calculated under section 3806(b).

Brief of Appellant, at 1-2.

Mock's appellate issue presents a question of statutory interpretation, which is a pure question of law. Accordingly, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Haag**, 981 A.2d 902 (Pa. 2009).

In matters of statutory interpretation, the General Assembly's intent is paramount. **Commonwealth v. Hacker**, 15 A.3d 333, 335 (Pa. 2011), citing 1 Pa.C.S.A. § 1921(a). The best indication of the legislature's intent is the plain language of the statute. **In re D.M.W.**, 102 A.3d 492, 494 (Pa. Super.

- 2 -

2014) (citation and quotation marks omitted). Only when the words of the statute are ambiguous should a reviewing court seek to ascertain the intent of the General Assembly through considerations of the various factors found in section 1921(c) of the Statutory Construction Act. *Id.*

Mock was convicted under section 3802(c) of the Act, DUI – highest rate. The penalties for offenses committed under that section are set forth in section 3804(b), which provides for a mandatory minimum sentence of 90 days' imprisonment in the case of a second DUI – highest rate of impairment offense. *See* 75 Pa.C.S.A. § 3804(c)(2)(i). Section 3806, in turn, provides the framework for determining what qualifies as a "prior offense" for purposes of grading and sentencing as follows:

**§ 3806. Prior offenses**

(a) General rule.--Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed . . . before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

. . .

(b) Timing.--

(1) For purposes of sections . . . 3803 (relating to grading), 3804 (relating to penalties) . . . , the prior offense must have occurred:

(i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or

(ii) on or after the date of the offense for which the defendant is being sentenced[.]

75 Pa.C.S.A. § 3806.

> The trial court interpreted section 3806 to mean that

> any conviction, for which judgment of sentence has been imposed, within ten years prior to the date of the current DUI offense, shall be considered for grading and sentencing purposes of a current DUI offense. To determine whether a prior DUI offense . . . is within the ten year look[-]back period of the current DUI offense, this [c]ourt looks to the current DUI offense date and the prior offense conviction date for which judgment of sentence has been imposed. The actual date of the prior DUI offense need not be within the statutorily mandated ten year look[-]back period.

Trial Court Opinion, 6/8/17, at [2-3]. Accordingly, the court concluded that Mock's March 27, 2007 conviction was a "prior offense" that resulted in Mock being subject to sentencing as a second-time offender under section 3804.

> In challenging the court's finding, Mock argues that the phrase

> "the prior offense must have occurred" [as set forth in subsection 3806(b)] means the offense date of any DUIs in which [Mock] was previously convicted of [sic]; thus calculating ten years back from the date of the offense for the currently charged DUI to the date of offense of any other DUI dates of offense with in [sic] the ten years where [Mock] received a valid conviction for the DUI. The offense must have occurred within the ten year look[-]back period, and the offense occurs on the date of offense not at any other time. This calculation is simple and set in stone. It is the date of offense to the date of offense.

Brief of Appellant, at 11. Accordingly, Mock asserts, because the date on which he actually committed his previous DUI, June 3, 2006, was more than ten years prior to the date he committed his current offense, July 10, 2016, the current offense should not be deemed a second offense for purposes of grading and sentencing. We disagree.

- 4 -

Section 3806 contains both a "general rule," i.e., subsection (a), which applies to Chapter 38 as a whole, and a "specific rule," i.e., subsection (b), which applies to the sections enumerated therein, including section 3803 (relating to grading) and section 3804 (relating to penalties). Under subsection (a), "prior offense" is defined as "**any**" of the enumerated dispositions (including, as is relevant here, conviction for which judgment of sentence has been imposed) occurring "before the sentencing on the present violation[.]" 75 Pa.C.S.A. § 3806(a) (emphasis added). Thus, for example, **for purposes of subsection (a)**, a DUI conviction twenty years before sentencing in the current case could be considered a "prior offense."

In contrast, subsection (b), which applies only to the sections of Chapter 38 enumerated therein, narrows the scope of applicable offenses from "**any** . . . before the sentencing on the present violation," **see id.**, to those occurring "within 10 years prior to the date of the offense for which the defendant is being sentenced" or "on or after the date of the offense for which the defendant is being sentenced." 75 Pa.C.S.A. § 3806(b).

Contrary to Mock's assertion, the language "[e]xcept as set forth in subsection (b)" appearing at the beginning of subsection (a) does not alter, for purposes of subsection (b), the essential definition of "prior offense" as being the disposition (i.e., conviction for which judgment of sentence has been imposed, et al.) rather than the actual commission of the offense. Rather, the phrase merely signals that, for purposes of subsection (b), a "prior offense" does not encompass "any" disposition, as it does in subsection (a). Instead,

as the heading ("Timing") suggests,[2] "prior convictions" that may be considered for purposes of grading and sentencing under subsection (b) are only those that occurred within the more limited time frames delineated therein.

The learned Dissent asserts that we "ignore the manner in which subsection (b) modifies the definition of prior offense in subsection (a)[.]" Dissenting Opinion, at 6. Indeed, as we make clear above, we find that subsection (b) does, in fact, modify subsection (a) by limiting the universe of dispositions relevant to determining the applicability of recidivist sentencing enhancements to those occurring: (1) within ten years prior to the date of the current offense, or (2) on or after the date of the current offense. Where we respectfully differ with the learned Dissent is on whether the phrase "prior offense," as used in subsection (b), refers to the date of the offense, or the date of conviction or other disposition. We believe that our reading of subsection (b) comports both with the legislature's intent and our obligation to interpret the statute as written.

The language of the statute is clear and unambiguous and the trial court did not err in its interpretation and application. The court properly deemed Mock's prior conviction date, March 27, 2007, as the date of his "prior offense"

---

[2] "The headings prefixed to titles, parts, articles, chapters, sections and other divisions of a statute shall not be considered to control but may be used to aid in the construction thereof." 1 Pa.C.S.A. § 1924.

for purposes of subsection (b) and correctly sentenced him as a second-time offender.  Accordingly, Mock is entitled to no relief.

Judgment of sentence affirmed.

DUBOW, J., joins the opinion.

STRASSBURGER, J., files a dissenting opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/19/18