J-S25023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN DOUGLAS RICHAEL | : | |
| | : | |
| Appellant | : | No. 1466 WDA 2017 |

Appeal from the Judgment of Sentence September 8, 2017
In the Court of Common Pleas of Mercer County
Criminal Division at No(s):  CP-43-CR-0002013-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 31, 2018**

Kevin Douglas Richael appeals from the judgment of sentence entered in the Mercer County Court of Common Pleas following his guilty plea.  Richael asserts the trial court incorrectly sentenced him as a second time DUI offender based upon a faulty interpretation of the "look-back" provision in 75 Pa.C.S.A. § 3806(b). We affirm.

On March 10, 2017, Richael was charged with two counts of driving under the influence (DUI) and related summary offenses. These charges arose from a single-vehicle accident on September 1, 2016. On April 10, 2017, Richael pleaded guilty to DUI–highest rate of alcohol, as a second-time offense.[1] The Commonwealth *nolle prossed* all remaining charges.

_____

[1] Following a guilty plea, an appellant waives his right to "challenge on appeal all non-waivable jurisdictional defects except the legality of his sentence and

Richael appeared for sentencing on September 8, 2017. Prior to the imposition of sentence, Richael argued that his prior DUI offense, which occurred on December 4, 2006, and for which he was admitted to an accelerated rehabilitative disposition (ARD) on February 8, 2007, did not fall within the ten year look-back period set forth in § 3806(b) of the Motor Vehicle Code. Therefore, Richael claimed he was improperly charged as a second-time offender. The trial court disagreed, and sentenced Richael to three to eighteen months' imprisonment, followed by a six-month probationary period. This timely appeal follows.

On appeal, Richael asserts that the trial court misinterpreted the ten-year look back period for second offenses as set forth in 75 Pa.C.S.A. § 3806(b). Specifically, Richael contends that the trial court erred by calculating the ten-year look-back period from the date of the current offense to the date of ARD disposition for the prior offense, rather than from the date of sentencing for the current offense to the date of ARD disposition for the prior offense. As the date of sentencing for his current offense was more than ten years after the disposition of his previous offense, Richael claims that he should have been sentenced as a first-time offender.

_____

the validity of his plea." **Commonwealth v. Rush**, 909 A.2d 805, 807 (Pa. Super. 2006) (citation omitted). However, a claim that a court improperly graded an offense for sentencing purposes implicates the legality of a sentence. **See Commonwealth v. Sanchez**, 848 A.2d 977, 986 (Pa. Super. 2004). Therefore, despite Richael's plea to the second-offense DUI, we are able to address his claim concerning the grading of his offense on appeal.

This issue presents a question of statutory interpretation; therefore, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Haag**, 981 A.2d 902, 904 (Pa. 2009) (citation omitted).

> In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. §§ 1501 *et. seq*, which directs us to ascertain and effectuate the intent of the General Assembly. To accomplish that goal, we interpret statutory language not in isolation, but with reference to the context in which it appears. A statute's plain language generally provides the best indication of legislative intent. Only where the words of a statute are ambiguous will we resort to other considerations to discern legislative intent.

**Commonwealth v. Kingston**, 143 A.3d 917, 922 (Pa. 2016) (citations and parentheticals omitted).

Here, Richael pled guilty to DUI-highest rate of alcohol, under § 3802(c) of the Motor Vehicle Code. **See** 75 Pa.C.S.A. § 3802(c). In order to determine the appropriate grading and sentencing for Richael's offense, the trial court consulted the framework provided in § 3606 of the Motor Vehicle Code. This section, which Richael claims the trial court misinterpreted, provides:

**§ 3806. Prior Offenses**

(a)  General rule. – Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which … acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

>  (1)  an offense under section 3802 (relating to driving under the influence of alcohol or controlled substance);

*** 

- 3 -

(b)     Timing. –

     (1)     For purposes of sections … 3803 (relating to grading), 3804 (relating to penalties) …, the prior offense must have occurred:

         (i)     within 10 years prior to the date of the offense for which the defendant is being sentenced; or

         (ii)     on or after the date of the offense for which the defendant is being sentenced[.]

A panel of this Court recently applied the rules of statutory interpretation to the look-back provision of § 3806(b) in **Commonwealth v. Mock**, 186 A.3d 434 (Pa. Super. 2018). There, the panel found that, "[u]nder subsection (a), a 'prior offense' is defined as '**any**' of the enumerated dispositions … occurring 'before the sentencing on the present violation[.]'" **Id**., at 437 (quoting 75 Pa.C.S.A. § 3806(a) (emphasis in original). Based upon their interpretation of this provision, the panel held that a "prior offense" is appropriately used to increase the grading of a defendant's DUI if (1) the previous offense was under § 3802; (2) the disposition of the previous offense occurred before sentencing on the current offense; and (3) the *disposition* of the previous offense occurred within ten years *prior to the date the defendant committed the current offense*. **See id**., at 437-438.

Richael committed his current offense on September 1, 2016. Therefore, pursuant to **Mock**, the appropriate ten-year look-back period runs backwards from that date—to September 1, 2006. As the disposition for Richael's

previous DUI did not occur until his acceptance into ARD on February 8, 2007, this offense clearly falls within the ten-year look-back period. Because Richael does not dispute the fact that his previous DUI fell under § 3802 and was disposed of prior to sentencing on his current offense, the trial court properly considered this a "prior offense" for the purpose of grading Richael's DUI as a second-offense, rather than a first-offense. Richael's assertion otherwise is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/31/2018