J-S79030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRYAN RAY REBER :
:
Appellant : No. 994 MDA 2018

Appeal from the Judgment of Sentence May 24, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001716-2017

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 15, 2019**

Appellant, Bryan Ray Reber, appeals from the judgment of sentence entered on May 24, 2018. We affirm.

Following a stipulated bench trial on May 24, 2018, the trial court found Appellant guilty of driving under the influence of alcohol and a drug or combination of drugs (hereinafter "DUI") and possessing drug paraphernalia.[1] N.T. Trial, 5/24/18, at 7. The convictions arose out of Appellant's actions on May 6, 2017, when the police found Appellant asleep behind the wheel of a stationary vehicle that had its engine running and its transmission in the drive position. The arresting officer saw that Appellant had heroin on his lap and subsequent testing revealed that Appellant had alcohol, methamphetamine, and morphine in his blood. Affidavit of Probable Cause, 7/11/7, at 1.

---

[1] 75 Pa.C.S.A. § 3802(d)(3) and 35 P.S. § 780-113(a)(32), respectively.

After the stipulated trial, the parties immediately proceeded to sentencing. At sentencing, the parties stipulated that Appellant had a prior DUI offense. Moreover, the parties stipulated that Appellant's prior DUI occurred on May 21, 2006 and that Appellant was convicted of the DUI on May 23, 2007. **See** Appellant's Sentencing Brief, 4/16/18, at 2; Commonwealth's Sentencing Brief, 5/18/18, at 1-2.

Notwithstanding this prior DUI conviction, Appellant claimed that he should not be subject to the more severe grading and sentencing provisions levied upon second-time DUI offenders, as his prior offense did not occur "within 10 years prior to the date of the offense for which [Appellant was] being sentenced." **See** 75 Pa.C.S.A. § 3806(b)(1)(i) ("[f]or purposes of sections . . . 3803 (relating to grading) [and] 3804 (relating to penalties) . . . the prior offense must have occurred . . . within 10 years prior to the date of the offense for which the defendant is being sentenced"); **see also** 75 Pa.C.S.A. § 3803(b)(4) (mandates a higher grading for individuals who violate Section 3802(d), where the individual "has more than one prior offense"); 75 Pa.C.S.A. § 3804(b) (mandates increased penalties for individuals who violate Section 3802(d) when it is "a second offense").

Appellant argued that, to interpret Section 3806(b)(1)(i) properly and determine whether he has a "prior offense" for purposes of that section, the trial court must look to the dates that he actually committed his DUIs – which were May 21, 2006 and May 6, 2017. Appellant claimed that, since more than 10 years elapsed between these dates, he was not subject to Section

3806(b)(1)(i)'s ten-year look-back provision and, thus, he did not have a "prior offense" for purposes of Section 3806(b)(1)(i). Appellant's Sentencing Brief, 4/16/18, at 2.

Nevertheless, during sentencing, Appellant acknowledged this Court's recent opinion in **Commonwealth v. Mock**, 186 A.3d 434 (Pa. Super. 2018), *appeal granted*, ___ A.3d ___, 2018 WL 6420180 (Pa. 2018). **See** N.T. Sentencing, 5/24/18, at 3-4. In **Mock**, this Court held that "the phrase 'prior offense,' as used in [75 Pa.C.S.A. § 3806(b)(1)(i)], refers to . . . the date of conviction or other disposition" – not the date the individual actually committed the prior DUI. **Mock**, 186 A.3d at 437-438. Therefore, Appellant acknowledged that, under **Mock**, his "prior offense" occurred on the date he was sentenced for his first DUI – which was May 23, 2007. **See** N.T. Sentencing, 5/24/18, at 3-4. Appellant thus acknowledged that, since May 23, 2007 was "within 10 years prior to the date of the offense for which [Appellant was] being sentenced" – which was May 6, 2017 – **Mock** required the trial court to sentence him as a second-time DUI offender. **Id.** However, during sentencing, Appellant informed the trial court that, even though the trial court was bound by **Mock**, he was raising the claim for issue-preservation purposes and so that a higher court could overrule **Mock** and grant him relief. **See id.**

The trial court sentenced Appellant to serve a term of 90 days to five years in jail, with a concurrent term of one year of probation, for his

convictions. *Id.* at 8-9. Appellant filed a timely notice of appeal and now raises one claim to this Court:

> Whether the trial court committed reversible error when it held that [Appellant's] DUI conviction was a second offense based on the provisions of 75 Pa.C.S. § 3806?

Appellant's Brief at 5.

We need not engage in an extended discussion of Appellant's claim on appeal as Appellant acknowledges that *Mock* was binding on the trial court and that *Mock* compelled the trial court's sentencing decision. *See* Appellant's Brief at 19. While we understand that Appellant seeks to have *Mock* overruled, we cannot do so. We, like the trial court, are bound by *Mock*. *See*, *e.g.*, *Commonwealth v. Karash*, 175 A.3d 306, (Pa. Super. 2017) ("a panel of this Court cannot overrule the decision by another panel"); *Commonwealth v. Taggert*, 997 A.2d 1189, 1201 n.16 (Pa. Super. 2010) (recognizing that "one three-judge panel of [the Superior] Court cannot overrule another" three-judge panel). This is true even though the Pennsylvania Supreme Court recently granted allowance of appeal in *Mock*. *See Marks v. Nationwide Ins. Co.*, 762 A.2d 1098, 1101 (Pa. Super. 2000) (explaining that the Superior Court has "long held that as long as the [precedential] decision has not been overturned by the Supreme Court, a decision by our Court remains binding precedent"). Therefore, we must conclude that Appellant's claim fails as a matter of law.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/15/2019