J-S12045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILIP ROBERT ATKINS, | : | |
| | : | |
| Appellant | : | No. 1425 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 4, 2018
in the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0007574-2017

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 16, 2019**

Philip Robert Atkins ("Atkins") appeals from the judgment of sentence imposed following his negotiated guilty plea to one count of possession of drug paraphernalia and one count of driving under the influence ("DUI") – controlled substances, his second offense.[1]  We quash the appeal.

Atkins was arrested on August 29, 2017, after admitting to the possession of, and testing positive for the presence of, marijuana following an automobile accident.[2]  The Commonwealth charged this incident as Atkins's second DUI offense, based on a previous DUI conviction on February 8, 2008.

---

[1] **See** 35 P.S. § 780-113(a)(32); 75 Pa.C.S.A. § 3802(d)(1)(i).

[2] The Trooper responding to the accident observed that Atkins's eyes were glassy and bloodshot, and that he smelled of marijuana.  Atkins failed multiple field sobriety tests administered at the scene of the accident.  After being advised of his **Miranda** rights, **see Miranda v. Arizona**, 384 U.S. 436 (1966), Atkins was taken to York Hospital where he consented to a blood draw that revealed the presence of marijuana in his blood.

Atkins challenged this classification in his Omnibus Pretrial Motion ("OPM"). On June 4, 2018, the trial court held a hearing on the OPM and determined that, based on Atkins's acceptance into Accelerated Rehabilitative Disposition ("ARD") on February 8, 2008, the instant offense constituted a second offense.

That same day, Atkins entered into a negotiated guilty plea on the above-mentioned offenses. Pursuant to the plea agreement, Atkins was sentenced to 12 months' probation for his possession of drug paraphernalia, and to 5 years of county intermediate punishment to include 45 days in prison, with 43 days' credit for time served, followed by 90 days of house arrest, with alcohol monitoring, for the DUI offense.

On June 15, 2018, Atkins filed a Post-Sentence Motion ("PSM") alleging that the imposition of a 5-year sentence for the DUI offense was illegal because the current offense was not to be considered a second offense under 75 Pa.C.S.A. § 3806(b), which governs repeated DUI convictions. The trial court denied Atkins's PSM on July 31, 2018 and Atkins filed a Notice of Appeal on August 27, 2018.[3] On appeal, Atkins raises the following issue for our review:

1. Whether the lower court erred as a matter of law by sentencing [Atkins] as a second offender under 75 [Pa.C.S.A.] § 3806(a) instead of as a first offender under 75 [Pa.C.S.A.] § 3806(b) where the present offense occurred on August 29, 2017[,] and

---

[3] On September 13, 2018, this Court issued an Order directing Atkins to show cause why the appeal should not be quashed. Following Atkins's Response, this Court discharged the show-cause Order and reserved the issue to the merits panel.

- 2 -

> [Atkins's] first DUI offense, which resulted into [*sic*] ARD acceptance on February 8, 2008, occurred on August 1, 2007?

Brief for Appellant at 10.

We begin by addressing the timeliness of Atkins's appeal, "as it implicates our jurisdiction." ***Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***Id.*** As we will explain below, the focus of our inquiry is whether Atkins's PSM was timely filed.

As previously stated, Atkins was sentenced on June 4, 2018, filed his PSM on June 15, 2018, and filed his Notice of Appeal on August 27, 2018. Pa.R.Crim.P. 720(A)(1) provides a 10-day period for the filing of post-sentence motions. As such, Atkins had until June 14, 2018 to timely file the PSM. Although Atkins's counsel asserts, in the Response to the show-cause Order, that the PSM was mailed on June 12, 2008, the record reflects that the PSM was not received by the clerk of courts until June 15, 2008.[4] Pa.R.Crim.P. 576(A)(2)(b) states that, "[e]xcept as provided by law, filing by mail shall be timely only when actually received by the clerk of courts within the time fixed for filing…**.**" Since Atkins's PSM was not "actually received" by the clerk of courts within the allotted time period, we conclude that the PSM was untimely filed.

It is well-established that untimely post-sentence motions do not toll the 30-day appeal period provided in Pa.R.A.P. 903(a). ***See Commonwealth***

---

[4] We note that the "Prisoner Mailbox Rule," ***see*** Pa.R.A.P. 121(a), does not apply to Atkins, as he was neither *pro se* nor imprisoned at the relevant times.

*v. Dreves*, 839 A.2d 1122 (Pa. Super. 2003) (*en banc*).  "The Comments to Pa.R.Crim.P. 720(A)(3) also reaffirm that if no timely post-sentence motion is filed, the defendant's appeal period runs from the date sentence is imposed." *Green*, 862 A.2d at 616 (internal quotation marks and citation omitted).  As such, because Atkins was sentenced on June 4, 2018, he had until July 5, 2018 to file his Notice of Appeal.  Since the Notice of Appeal was not filed until well after this date, on August 27, 2018, the Notice of Appeal was untimely. Accordingly, this Court is without jurisdiction to review Atkins's claim and the appeal must be quashed.  *Id.* at 619.

Even if we were to address the merits of Atkins's claim, we would nonetheless affirm the judgment of sentence for the following reasons.

Atkins's claim presents an issue of statutory interpretation, which is a question of law.  Accordingly, our standard of review is *de novo* and our scope of review is plenary.  *Commonwealth v. Haag*, 981 A.2d 902 (Pa. 2009).

Atkins contends that the trial court's sentence is contrary to the plain language of the grading statute, 75 Pa.C.S.A. § 3806.  Brief for Appellant at 20.  Atkins asserts that because the *commission* of his first DUI offense, as opposed to its *disposition*, occurred more than 10 years prior to the commission of the instant DUI offense, then under 75 Pa.C.S.A. § 3806(b) the first offense should not be considered a prior offense for sentencing purposes. Brief for Appellant at 29.  Atkins further states that the trial court's reliance on *Commonwealth v. Mock*, 186 A.3d 434 (Pa. Super. 2018), *appeal granted*, 198 A.3d 1049 (Pa. 2018), was an error, as *Mock* is currently on

appeal to our Supreme Court. Brief for Appellant at 29. Atkins recognizes that "a Superior Court panel is generally bound by prior panel decisions of [this] Court," but urges this Court to reconsider **Mock**. Brief for Appellant at 28.

Section 3806 provides, in pertinent part, as follows:

a) **General rule.—** *Except as set forth in subsection (b)*, the term *"prior offense"* as used in this chapter *shall mean any conviction for which judgment of sentence has been imposed … acceptance of Accelerated Rehabilitative Disposition* or other form of preliminary disposition *before the sentencing on the present violation* for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

***

**(b) Timing.—**

(1) For purposes of sections … 3803 (relating to grading) [and] 3804 (relating to penalties) … the *prior offense must have occurred*:

(i) *within 10 years prior to the date of the offense for which the defendant is being sentenced* …**.**

75 Pa.C.S.A. § 3806 (emphasis added).

Atkins relies on subsection (a)'s use of the phrase "[e]xcept as set forth in subsection (b)" to support his claim that subsection (a) yields to subsection (b). Brief for Appellant at 27. We agree with Atkins, as we did in **Mock**, to the extent that "subsection (b) does, in fact, modify subsection (a) by limiting the universe of dispositions relevant to determining the applicability of recidivist sentencing enhancements…." **Mock**, 186 A.3d at 437. However,

we disagree with Atkins that the definition of "prior offense," as set forth in subsection (a), must be disregarded when looking at the qualifying language of

subsection (b). **See** Brief for Appellant at 28 (advancing that the omission of the word "conviction" in subsection (b), in contrast to its inclusion in subsection (a), necessarily intimates that the Legislature intended that the *occurrence* of an offense, not its disposition, be the touchstone for purposes of calculating prior offenses during sentencing).

In **Mock**, the appellant challenged the classification of a previous DUI conviction as a "prior offense" occurring within 10 years of a subsequent DUI conviction because, although convicted on March 27, 2007, the previous DUI occurred on June 3, 2006, and the subsequent DUI occurred on July 10, 2006. **Mock**, 186 A.3d at 437. There, the appellant claimed that the language of Section 3806(b) mandates that the focus be on the date of the offense, not its conviction or disposition. **Id.** at 436-37. In determining that it is the appellant's conviction date which controls, the **Mock** Court explained,

> the language "except as set forth in subsection (b)" appearing at the beginning of subsection (a) does not alter, for purposes of subsection (b), the essential definition of "prior offense" as being the *disposition* (*i.e.*, conviction for which judgment of sentence has been imposed, *et al.*) rather than the actual *commission* of the offense. Rather, the phrase merely signals that, for purposes of subsection (b), a "prior offense" does not encompass "any" disposition, as it does in subsection (a). Instead, as the heading ("Timing") suggests, "prior convictions" that may be considered for purposes of grading and sentencing under subsection (b) are only those that occurred within the more limited time frames delineated therein.

- 6 -

*Id.* at 437 (emphasis added) (footnote omitted). Thus, where a disposition occurs fewer than 10 years before a subsequent offense, the prior disposition is to be construed as a prior offense for purposes of sentencing.

Like the appellant in **Mock**, Atkins committed a subsequent offense within 10 years of the date on which he accepted ARD for a previous offense. The acceptance of ARD qualifies as a "prior offense" under Section 3806(a) without regard to timing, and qualifies under Section 3806(b) where the acceptance, *i.e.*, the "prior offense," occurs within 10 years of the commission of the second offense. Atkins accepted ARD on February 8, 2008, and committed the instant offense less than 10 years later, on August 29, 2017. Based on our rationale and holding in **Mock**, we conclude that the trial court properly classified Atkins's previous DUI conviction as a "prior offense" under both Section 3806(a) and Section 3806(b) for sentencing purposes.

Because Atkins's Notice of Appeal was untimely, we are constrained to quash the appeal. We additionally note, as detailed above, that even if were we to address the merits of Atkins's appeal, Atkins still would not be entitled to relief.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/16/2019