**[J-45-2019]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 68 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 801 MDA 2017 dated |
| | : | April 19, 2018 Affirming the Judgment |
| v. | : | of Sentence of the Mifflin County |
| | : | Court of Common Pleas, Criminal |
| | : | Division, at No. CP-44-CR-0000506- |
| MICHAEL A. MOCK, | : | 2016 dated May 1, 2017. |
| | : | |
| Appellant | : | ARGUED: May 14, 2019 |

**OPINION**

**JUSTICE MUNDY**                              **DECIDED: November 20, 2019**

The Vehicle Code mandates enhanced grading and sentencing penalties for repeat driving under the influence ("DUI") offenses committed within ten years of a "prior offense." 75 Pa.C.S. § 3806. We granted allocatur in this matter to address the relevant date for determining whether an earlier offense constitutes a prior offense. We agree with the Superior Court that the ten-year lookback period runs from the occurrence date of the present offense to the conviction date of the earlier offense, rather than the occurrence date of the earlier offense. We therefore affirm the Superior Court's order.

The underlying facts of this case follow. Appellant, Michael Mock, committed DUI on June 3, 2006, which resulted in a conviction on March 27, 2007. More than ten years after committing this offense, but roughly nine years following his conviction, Appellant committed another DUI. On July 10, 2016, at approximately 1:00 a.m., Corporal Arthur

Stanton of the Mifflin County Police Department stopped Appellant after observing him cross the fog and center lines several times while driving on the highway. He was arrested on suspicion of DUI and transported to the hospital. Appellant consented to a blood test, which revealed a blood alcohol content of 0.21%. He was later charged with DUI–highest rate of alcohol under 75 Pa.C.S. § 3802(c).[1] The Commonwealth deemed Appellant's DUI a second offense and graded it as a misdemeanor of the first degree subject to increased penalties. *See* 75 Pa.C.S. § 3803(b)(4) (providing grading for violation of Section 3802(c) where an individual has one prior offense); 75 Pa.C.S. § 3804(c)(2) (listing punishment for violation of Section 3802(c) as a second offense).

Before proceeding to trial, Appellant filed a motion to quash the information, asserting that the Commonwealth improperly characterized the instant DUI as a second offense because his earlier offense did not constitute a prior offense under Section 3806, which provides as follows:

> **§ 3806. Prior offenses**
>
> **(a) General rule.** – Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
>> (1) an offense under section 3802 (relating to driving under the influence of alcohol or controlled substance);
>
>> . . . .
>
> **(b) Timing.** –

---

[1] "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(c).

(1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), 3804 (relating to penalties) and 3805 (relating to ignition interlock), the prior offense must have occurred:

> (i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or

> (ii) on or after the date of the offense for which the defendant is being sentenced[.]

(2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.

(3) If the defendant is sentenced for two or more offenses in the same day, the offenses shall be considered prior within the meaning of this subsection.

75 Pa.C.S. § 3806. In support of this contention, Appellant primarily relied on this Court's decision in *Commonwealth v. Haag*, 981 A.2d 902 (Pa. 2009) (interpreting earlier version of Section 3806 and finding the definition of "prior offense" in subsection (b) overrode the definition of "prior offense" in subsection (a).

Accordingly, Appellant asserted that per *Haag*, "subsection (b) overrides the application of subsection (a)" and the language used in subsection (b) signals that the ten-year lookback period runs from the commission date of the present offense to the occurrence date of the earlier offense. Motion to Quash, 10/25/16, at 3. He therefore claimed that because his earlier DUI occurred more than ten years before the present offense occurred, it was not a prior offense under Section 3806. *Id.*

The trial court rejected Appellant's argument, explaining that the present offense was properly characterized as a second offense because the previous conviction took place less than ten years prior to the commission of the present offense. Trial Court Order, 12/8/2016, at 1. Appellant proceeded to a stipulated bench trial and was convicted

of DUI–highest rate of alcohol, as a second offense.[2] The trial court sentenced Appellant in accordance with the mandatory minimum to 90 days to five years of imprisonment, as well as fines, costs, and related penalties. 75 Pa.C.S. § 3804(c)(2).

Appellant filed an appeal to the Superior Court. He continued to argue that the Commonwealth improperly characterized the instant DUI as a second offense, subject to enhanced grading and sentencing penalties, because the earlier offense was committed outside of the ten-year lookback period. The Superior Court affirmed in a divided, published opinion. *See Commonwealth v. Mock*, 186 A.3d 434 (Pa. Super. 2018).

The majority resolved Appellant's claim by examining the plain language of Section 3806, explaining that subsection (a) contains a "general rule" applicable to all of Chapter 38, while subsection (b) contains a "specific rule" relevant only to the subsections enumerated therein. *Id.* at 437. The majority recognized that the general rule defines prior offense as "any" conviction, or other alternative disposition referenced in the statute, "before the sentencing on the present violation." *Id.* Accordingly, any conviction – regardless of timing – counts as a "prior offense" under subsection (a).

The majority explained, however, that subsection (b) places timing limitations, as the heading suggests, on which prior offenses trigger enhanced grading and sentencing penalties to those that "occurred . . . within [ten] years prior to the date of the offense for which the defendant is being sentenced" or, alternatively, "on or after the date of the offense for which the defendant is being sentenced." *Id.* The majority therefore agreed with the trial court's conclusion that Appellant's DUI was properly graded as a second offense because his earlier conviction took place within ten years of his commission of the present offense. *Id.* at 437-38. Accordingly, the majority rejected Appellant's

---

[2]Appellant was also charged with driving an unregistered vehicle, 75 Pa.C.S. § 1301, and DUI– general impairment, 75 Pa.C.S. § 3802(a)(1). The Commonwealth later *nolle prossed* these charges.

argument that the phrase "[e]xcept as set forth in subsection (b)" contained in subsection (a) altered the essential definition of prior offense. *Id.* at 437.

Senior Judge Eugene B. Strassburger authored a dissenting opinion. He agreed with the majority's conclusion that Section 3806 contains both a general and specific rule. *Id.* at 438. However, in his view, the majority's conclusion that subsection (b) only relates to timing and does not alter the essential definition of the term "prior offense" set forth in subsection (a) contravenes this Court's decision in *Haag. Id.* at 439. He explained that in *Haag*, this Court interpreted the phrase in subsection (a) "[e]xcept as set forth in subsection (b)," to imply that "[subsection (a)] expressly yields to [subsection (b)] when the latter is applicable" and that subsection (b) alters the general definition of prior offense delineated in subsection (a). *Id.* (citing *Haag*, 981 A.2d at 906-07).

Senior Judge Strassburger next explained that although a court must apply subsection (a) to determine whether an individual has "any conviction for which judgment of sentence has been imposed," it must then determine whether the offense meets the criteria set forth in subsection (b). He reasoned that subsection (b)(1), which states that the prior offense "**must have occurred** . . . within [ten] years prior to the date of the offense for which the defendant is being sentenced," limits offenses that qualify as a prior offense to those that "the individual committed . . . sometime within the [ten] years before the individual committed the subsequent offense." *Id.* (emphasis supplied)*.*

Senior Judge Strassburger further relied on the legislative history of Section 3806 to support his position. He noted that the legislature's use of the word "occurrence" in subsection (b) was "deliberate" considering it "has changed repeatedly the parameters for the look[]back period in different revisions of [subsection (b)][.]" *Id.* at 440. Accordingly, he found that although Appellant's previous offense qualified as a prior

offense in subsection (a), the offense did not meet the more narrow criteria in subsection (b) because it was not committed within ten years of the present offense. *Id.*

Appellant filed a petition for allowance of appeal. We granted allocatur to address the following issue:

> Did the Superior Court erroneously interpret 75 Pa.C.S. § 3806 as providing that an offender who *commits* a prior driving under the influence ("DUI") offense more than ten years before his commission of a present DUI offense, but is *convicted* of the prior DUI offense within ten years of his commission of his present DUI offenses, has a "prior offense" for purposes of the grading of, and/or sentencing on, the present DUI offense?

*Commonwealth v. Mock*, 198 A.3d 1049 (Pa. 2018) (*per curiam*).

Both parties contend that the plain language of the statute dictates the outcome in this matter. Their readings, however, differ substantially. Appellant continues to maintain that the ten-year lookback period referenced in Section 3806 runs from the occurrence date of the present offense to the occurrence date of the earlier offense. Appellant's Brief at 17-18. His argument largely echoes the dissent's reasoning by concentrating primarily on *Haag* and, in part, the legislative history of Section 3806. *Id.* at 11-14.

Appellant asserts that based on *Haag*, the general rule in subsection (a), which defines a prior offense as any conviction, yields to the entirely separate definition of prior offense in subsection (b), which focuses on the occurrence date of the earlier offense. *Id.* at 15-17. Appellant reasons that although the legislature twice amended Section 3806 since this Court decided *Haag*, the case nonetheless applies. *Id.* at 14-15. He specifically maintains that the legislature's decision to keep the exclusionary language in subsection (a) post-*Haag* indicates that it intended subsection (a) to yield to subsection (b). *Id.*

Finally, Appellant posits that this interpretation is the easiest to apply and the least susceptible to manipulation by the Commonwealth, in that the Commonwealth may not prolong the ten-year lookback period by delaying convictions. *Id.* at 18. Accordingly,

Appellant asserts that because the present offense occurred more than ten years after the commission of his earlier offense, it does not constitute a prior offense subject to enhanced grading and sentencing penalties under subsection (b). *Id.* at 18-19.

The Commonwealth counters that Appellant's reliance on *Haag* is misplaced. Commonwealth's Brief at 8. In *Haag*, this Court addressed an earlier version of Section 3806, which has since been twice amended. *Id.* Nonetheless, the Commonwealth argues that *Haag* does not stand for the proposition that subsection (a) becomes irrelevant when subsection (b) is applicable. *Id.* at 8-9. Rather, the Superior Court properly concluded that the general definition provided in subsection (a) applies to subsection (b) to limit which prior offenses subject an offender to the sentencing enhancement from "any conviction" to only those that occurred "within ten years prior to the current offense date." *Id.* 9-10. As for Appellant's reliance on the legislative history, the Commonwealth responds that despite various changes to the lookback period, the definition of prior offense has always been guided by the conviction date. *Id.* at 12.

Finally, the Commonwealth disagrees with Appellant's contention that a lookback period that runs from the occurrence date of the present offense to the conviction date of the earlier offense is subject to manipulation. *Id.* at 13. To the contrary, it asserts that Appellant's preferred interpretation would allow offenders to control the lookback period by delaying sentencing. *Id.* at 14. However, as currently written, the statute removes any manipulation of timing. *Id.* at 13-14. Thus, the Commonwealth urges this Court to affirm the Superior Court's order.

The Pennsylvania District Attorney's Association ("PDAA") and the Pennsylvania Department of Transportation, Bureau of Driver Licensing ("PennDOT") submitted amicus briefs in support of the Commonwealth. Both agree with the Commonwealth's plain meaning interpretation, but advance an additional argument focusing on the fact that

Section 3806 is a recidivist statute. PDAA's Amicus Brief at 9-10; PennDOT's Amicus Brief at 12-13. In light of this, they argue that a prior offense is not established by a violation, but rather requires a conviction. *Id.* For this reason, the conviction date must control whether an earlier offense constitutes a prior offense. *Id.*

The Pennsylvania Association for Drunk Driving Defense Attorneys ("PADDDA") also submitted an amicus brief in support of Appellant. Similar to Appellant, it contends that the plain language controls. PADDDA's Amicus Brief at 5-6. However, in the event this Court finds the statutory language ambiguous, it argues that the statute must be construed in favor of the accused in accordance with the rule of lenity. *Id.* at 7-8.

Issues involving statutory interpretation present questions of law for which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Giulian*, 141 A.3d 1262, 1266 (Pa. 2016). When interpreting statutes, we are guided by the Statutory Construction Act, 1 Pa.C.S. §§ 1501-1991, which directs us to ascertain and effectuate the intent of the General Assembly. 1 Pa.C.S. § 1921(a). The best indication of legislative intent is most often the plain language of the statute. *See Commonwealth v. Kingston*, 143 A.3d 917, 922 (Pa. 2016) (citing *McGrory v. Dep't of Transp.*, 915 A.2d 1155, 1158 (Pa. 2007); *Commonwealth v. Gilmour Mfg. Co.*, 822 A.2d 676, 679 (Pa. 2003); *Penna. Fin. Responsibility Assigned Claims Plan v. English*, 664 A.2d 84, 87 (Pa. 1995) ("Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words.")). "It is only when statutory text is determined to be ambiguous that we may go beyond the text and look to other considerations to discern legislative intent." *A.S. v. Pennsylvania State Police*, 143 A.3d 896, 903 (Pa. 2016)).

Preliminarily, Appellant and the Commonwealth agree that Section 3806 applies in order to determine whether Appellant's earlier DUI constitutes a "prior offense," making

the present DUI a second offense. Both parties also agree that the starting point for the ten-year lookback is the occurrence date of the present offense. They disagree with how subsections (a) and (b) interact and, consequently, whether the end point for the ten-year lookback period is the occurrence date or the conviction date of the earlier offense.

We agree with the Superior Court's determination that the ten-year lookback period in Section 3806 runs from the occurrence date of the present offense to the conviction date of the earlier offense. We reach this conclusion based on the unambiguous language of the statute. Section 3806 includes a "[g]eneral rule" and a specific rule relating to "[t]iming." 75 Pa.C.S. § 3806. The general rule in subsection (a), limited by the phrase "[e]xcept as set forth in subsection (b)," defines prior offense as "any conviction" or alternative disposition "before the sentencing on the present violation" for offenses such as DUI and applies to the entirety of Chapter 38. *Id.* The specific rule in subsection (b), relevant for grading and penalty purposes, states that a prior offense "must have occurred . . . within [ten] years prior to the date of the offense for which the defendant is being sentenced[.]" *Id.* Applying the definition of prior offense provided in subsection (a), subsection (b) reads "the prior offense," i.e., conviction or alternative disposition, "must have occurred . . . within ten years prior to the date of the offense for which defendant is being sentenced." *Id.* This interpretation also gives effect to the exclusionary phrase in subsection (a), which signals that subsection (b) limits the scope of "prior offense" in subsection (a), defined as "any conviction," to only those convictions taking place within the timing confines of subsection (b). *Id.* Thus, the plain language of the statute requires that the ten-year lookback period runs from the occurrence date of the present offense to the conviction date of the earlier offense. Appellant was properly sentenced as a second-time offender because his earlier conviction took place less than ten years before he committed the present offense.

We disagree with Appellant's assertion that *Haag* requires us to find that the exclusionary phrase in subsection (a) signals that the definition of prior offense used in that subsection does not apply to subsection (b). In *Haag*, this Court addressed whether two DUIs occurring within one and one-half hours of each other and sentenced at the same time should be considered first and second offenses subjecting the offender to increased penalties under an earlier version of Section 3806. *Haag*, 981 A.2d at 903. Similar to the current statute, that version contained a general rule in subsection (a) and a specific rule in subsection (b). *Id.* at 905 (citing 75 Pa.C.S. § 3806 (eff. November 29, 2004 to December 25, 2014)). Subsection (a), which began with the phrase, "[e]xcept as set forth in subsection (b)," defined prior offense as "a conviction . . . before the sentencing on the present violation[.]" *Id.* at 904-05. Unlike the instant version, however, subsection (b), which specifically addressed "[r]epeat offenses within ten years," redefined prior offense to mean "any conviction . . . within the ten years before the present violation occurred[.]" *Id.*

Accordingly, although Haag's earlier offense qualified as a prior offense under subsection (a) because it resulted in a conviction prior to sentencing on the second offense, it did not qualify as a prior offense under subsection (b) because the conviction did not take place within ten years before the second violation occurred. *Id.* at 906. In other words, although a conviction before sentencing of the present offense constituted a prior offense in subsection (a), subsection (b) required that an offender be convicted of the earlier offense at the time the subsequent offense was committed in order to trigger increased grading and sentencing penalties. Due to the exclusionary phrase in subsection (a) and the legislature's inclusion of separate definitions of prior offense in subsections (a) and (b), we found the legislature's "deliberate use of a common exception phrase" meant that subsection (b) overrode the application of subsection (a). *Id.* at 907.

*Haag* is not particularly instructive in interpreting the current version of the statute in light of significant revisions to Section 3806 since that case was decided. In the present version of Section 3806, the legislature eliminates this conflict between subsections (a) and (b) and any need for one definition to completely override the other. The legislature removed the extraneous language in subsection (b) redefining prior offense, and instead provides a general definition of prior offense in subsection (a) applicable throughout the remainder of the statute. Accordingly, subsection (b) must be interpreted as providing time limits on the broad category of "any conviction" as referenced in subsection (a) to those convictions occurring within ten years of the present offense. This prevents the imposition of increased penalties for an offender whose earlier conviction took place, for example, fifteen years before committing a subsequent offense. Even if applicable, *Haag* makes clear that "subsection (a) is not the end of the inquiry as to how previous violations are to be defined and utilized in making grading and sentencing determinations." *Id.* at 907.

Moreover, Appellant's interpretation of the term "prior offense" in subsection (b) would produce an absurd result. Were we to interpret "prior offense" in subsection (b)(1) to mean the occurrence date of the earlier offense, that same definition must apply not only to subsection (b)(1)(i), the ten-year lookback period, but also to subsection (b)(1)(ii). Subsection (b)(1)(ii) provides: "[T]he prior offense must have occurred . . . on or after the date of the offense for which the defendant is being sentenced." Appellant's construction of Subsection (b)(1)(ii) would create an untenable result considering that a "prior offense" cannot occur after a subsequent offense. However, if we apply the definition of prior offense in subsection (a), then subsection (b)(1)(ii) remains sound, providing as follows: "[T]he prior offense [i.e., the conviction of the earlier offense] must have occurred on or after the date of the offense for which the defendant is being sentenced." This

interpretation addresses the situation where an earlier offense may not have resulted in a conviction at the time a subsequent offense occurs but yet allows for the imposition of increased penalties for the subsequent offense.

Appellant's convoluted reading of the statute, focusing on the term "occurrence" in subsection (b), is merely a means to a preferred end. We reject his contention that use of the word "occurrence" in subsection (b) alters the essential definition of prior offense set forth in subsection (a). Indeed, when analyzing the language of a statute "we should not interpret statutory words in isolation, but must read them with reference to the context in which they appear." *Giulian*, 141 A.3d at 1267 (citing *Roethlein v. Portnoff Law Assocs., Ltd.*, 81 A.3d 816, 822 (Pa. 2013) (citations omitted)).

Although both parties reference previous versions of Section 3806 to support their preferred readings of the current version of the statute, we need not look beyond the unambiguous language of the text in order to discern the legislature's intent. *A.S.*, 143 A.3d at 903. Nonetheless, an examination of the legislative history leads to an interpretation consistent with our own. When *Haag* was decided, Section 3806 provided, in relevant part, as follows:

> **(a) General Rule.** — Except as set forth in subsection (b) the term "prior offense" as used in this chapter shall mean **a conviction**, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition **before the sentencing on the present violation for any of the following**:
>
> > (1) an offense under section 3802 (relating to driving under the influence of alcohol or controlled substance);
>
> > . . . .
>
> **(b) Repeat offenses within ten years.** — The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of

preliminary disposition within ten years before the present violation **occurred** for any of the following:

> (1) an offense under section 3802 . . .

75 Pa.C.S. § 3806(b) (amended, Oct. 27, 2014, P.L. 2905, No. 189, § 1) (emphasis added). In this version of the statute, subsection (b) revised the definition of prior offense by recounting nearly verbatim the language used in subsection (a) with the caveat that the prior offense must have occurred "within the ten years before the present violation occurred[,]" creating unintended consequences apparent in *Haag*. In particular, it did not account for whether DUI offenses committed on the same day and sentenced simultaneously qualified as prior offenses. Based on the plain language of this version, *Haag* correctly interpreted the plain language of the statute.

In an apparent attempt to account for DUI offenses committed on the same date and sentenced simultaneously, the legislature amended the statute. It left subsection (a) unchanged and revised subsection (b) as follows:

> **(b) Repeated offenses within ten years.** — The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction **whether or not judgment of sentence has been imposed for the violation**, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the **sentencing** on the present violation for any of the following:

> (1) an offense under section 3802 . . .

75 Pa.C.S. § 3806(b) (amended, May 25, 2016, P.L. 236, No. 33, § 5) (emphasis added). Similar to the preceding version of subsection (b), this version also recounted the language of prior offense used in subsection (a) with added caveats to account for circumstances such as those in *Haag*. Notably, an offender was not required to have a conviction at the time a subsequent offense occurred in order for the earlier offense to be

a "prior offense." The statute merely required that a conviction take place before sentencing on the present violation.

In 2016, the legislature amended Section 3806 yet again to its present form, which provides as follows:

> **(a) General Rule. –** Except as set forth in subsection (b), the term "prior offense" as used in this subchapter shall mean **any conviction for which judgment of sentence has been imposed**, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
>> (1) an offense under section 3802 (relating to driving under the influence of alcohol or controlled substance);
>
> . . . .
>
> **(b) Timing. –**
>
> (1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), 3804 (relating to penalties) and 3805 (relating to ignition interlock), **the prior offense must have occurred**:
>
>> (i) within [ten] years prior to the date of the offense for which the defendant is being **sentenced**[.]
>>
>> (ii) on or after the date of the offense for which the defendant is being sentenced.
>
> (2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.
>
> (3) If the defendant is sentenced for two or more offenses in the same day, the offenses shall be considered prior offenses within the meaning of this subsection.

75 Pa.C.S. § 3806 (emphasis added). The current version of subsection (b) reveals significant textual differences from its earlier versions. First, subsection (b) is now explicitly limited to effects on timing, made apparent by its title. The legislature also

removed the excess language in subsection (b) present in earlier versions which essentially redefined the term "prior offense." In addition to removing this extraneous language in subsection (b), the legislature clarified the general definition of prior offense in subsection (a) by adding the language "for which judgment of sentence has been imposed[.]" Based on these revisions, it is illogical to conclude that subsection (a) has no bearing of the application of subsection (b). These revisions clearly signal that the definition provided in subsection (a) is incorporated into the use of the term in subsection (b), especially where such an interpretation gives effect to both subsections. *See* 1 Pa.C.S. § 1921(a) ("Every statute shall be construed, if possible, to give effect to all its provisions."). We find it unlikely that the legislature would use a previously defined term in a different manner without explicitly providing a comprehensive definition as it did in the previous versions of subsection (b).

Finally, we do not find persuasive Appellant's unsupported assertion that this interpretation of the ten-year lookback period is vulnerable to manipulation by the Commonwealth. Even if this were the case, the plain language of a statute "cannot be ignored in pursuit of the statute's alleged contrary spirit or purpose." *Koken v. Reliance Ins. Co.*, 893 A.2d 70, 82 (Pa. 2006).

In sum, the plain language of Section 3806 mandates that the ten-year lookback period for DUI offenses, relevant for grading and penalty purposes, runs from the occurrence date of the present offense to the conviction date of the earlier offense. Appellant's previous conviction occurred less than ten years prior to the commission of the present offense. He was therefore properly convicted of DUI–highest rate of alcohol,

as a second offense. Accordingly, we affirm the order of the Superior Court affirming Appellant's judgment of sentence.

Chief Justice Saylor and Justices Baer, Todd and Dougherty join the opinion.

Justices Donohue and Wecht file dissenting opinions.